IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 09-CV-309-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **KARL D. CHROMY,** | |
| Defendant. | |

**DWIGHT C. HOLTON**
Acting United States Attorney
**ROBERT D. NESLER**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1069

      Attorneys for Plaintiff

**KARL D. CHROMY**
2722 S.W. Spring Garden Street
Apartment 7
Portland, OR 97219

      Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the government's Motion (#7) for Summary Judgment. For the reasons that follow, the Court **GRANTS** the government's Motion.

### BACKGROUND

On April 25, 1996, Defendant Karl D. Chromy signed an application and promissory note for a Federal Family Education Loan Program (FFELP) loan in the amount of $30,147.18 at a rate of 8% per annum pursuant to student-loan programs authorized by Title IV of the Higher Education Act (HEA) of 1965, 20 U.S.C. §§ 1001-1155, through the Bank of North Dakota. Defendant's FFELP loan was guaranteed by Student Loans of North Dakota (SLND).

In August 1996 the Bank of North Dakota disbursed $30,147.18 to Defendant in five installments.

On November 25, 1998, Defendant defaulted on his FFELP loan after accruing $6,012.27 in interest on the loan. As the guarantor on the loan, SLND paid the Bank of North Dakota $36,159.45 for Defendant's FFELP loan.

On April 6, 2004, the Department of Education took assignment of Defendant's FFELP loan from SLND. At that time, the total amount due on the loan was $51,176.65 comprised of

2 - OPINION AND ORDER

$36,159.45 plus $15,017.20 in further accrued interest.

The Department of Education made numerous attempts to collect the debt that included mailing 40 letters to Defendant between April 8, 2004, and the time the government filed this action. Defendant has not made any payments on the FFELP loan since November 1998.

On March 23, 2009, the government filed an action in this Court in which it seeks a judgment against Defendant for the FFELP loan plus interest accruing through the date of judgment.

On October 16, 2009, the government filed a Motion for Summary Judgment.[1]

## **STANDARDS**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for

---

[1] On October 20, 2009, the Court issued a Summary Judgment Advice Notice advising Defendant that if he did not submit evidence in opposition to any motion for summary judgment, judgment would be entered against him if it was appropriate.

3 - OPINION AND ORDER

trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the

4 - OPINION AND ORDER

resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

> When plaintiffs are appearing *pro se*, the court must consider as evidence in [their] opposition to summary judgment all of [their] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiffs] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.

*Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The court "must consider the motion papers as well as such other papers in the record to which they refer." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)(citing *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028-31 (9th Cir. 2001)). In addition, the court has a duty "to construe *pro se* pleadings liberally" and afford the plaintiff[s] the benefit of any doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)(citing *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)).

## DISCUSSION

Defendant does not dispute he took out a FFELP loan and stopped making payments in November 1998. Defendant alleges he offered to repay the loan by working for SLND, but SLND refused his offer. Defendant, however, does not point to any provision

5 - OPINION AND ORDER

in his FFELP loan that provides for repayment through service nor could the Court find any such provision.  Defendant also fails to cite any legal authority to support his contention that he may repay his FFELP loan through employment with the lender nor could this Court find any authority to support Defendant's assertion.

In addition, Defendant appears to contend that his FFELP debt should be deferred or discharged because in September 2002 the Social Security Administration found him to be disabled since September 1999 for purposes of Social Security benefits.  Defendant, however, does not point to any evidence in the record that he has applied for a discharge or deferment of his FFELP loan.[2]  The government also notes the Department of Education's definition of total disability for purposes of loan deferment or discharge "may differ from disability standards used by other federal agencies (for example, the Social Security Admini-stration) or state agencies."  Decl. of Lynda Faatalale ¶¶ 13-14.  Defendant, therefore, has not established his FFELP loan has been or should be discharged due to any disability.

On this record, the Court grants the government's Motion for Summary Judgment.

---

[2] The government attached an application for discharge of a FFELP loan based on total and permanent disability to the Supplemental Declaration of Lynda Faatalale at Exhibit A at 1-4.  Faatalale notes in her Supplemental Declaration that Defendant may complete this application and submit it to the Department of Education, which will review it "even after entry of judgment in the pending case."  Faatalale Supple. Decl. ¶ 15.

6 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** the government's Motion for Summary Judgment (#7).  The Court directs the government to submit an appropriate form of judgment by February 16, 2010.

IT IS SO ORDERED.

DATED this 9th day of February, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District

7 - OPINION AND ORDER